JOHN J. JORDAN, ESQ.  (State Bar No. 175678)
601 Montgomery Street, Suite 850
San Francisco, CA  94111
(415) 391-4814
(415) 391-4308 (FAX)
email: jjordanesq@aol.com

Attorney for Defendant
MICHAEL CAZARES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No.  CR-18-0466-BLF (NMC) |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANT'S MOTION FOR** |
| v. | ) | **RECONSIDERATION OF THE** |
| | ) | **COURT'S DETENTION ORDER** |
| MICHAEL ABRAHAM CAZARES, | ) | |
| | ) | |
| Defendant. | ) | Date: To Be Set |
| | ) | Time: To Be Set |
| _____ | ) | HON. Nathanael M. Cousins |

**INTRODUCTION**

The defendant MICHAEL CAZARES, through his counsel, JOHN J. JORDAN, files this motion to reopen and reconsider the Court's order, by Magistrate Cousins, entered on August 26, 2019, that the defendant be detained pending trial.  CR 190.  Cazares has been detained at the Santa Rita Jail, County of Alameda, since the detention order.

Cazares now seeks reconsideration of the Court's order, in light of the impact that the coronavirus has had, and may continue to have, on the health of the population at the Santa Rita Jail.  In addition, Cazares' family needs him to care for

CAZARES MOTION TO RECONSIDER
DETENTION ORDER                    1

1  his minor son, no longer able to attend school, so the son's
2  mother may work at her health care job.

3      This motion to reconsider is brought in compliance with this
4  Court's Standing Order of March 16, 2020.

5      On March 28, 2020, counsel personally spoke with the
6  defendant Michael Cazares, who agreed to waive any right he might
7  have to personally appear at a hearing to reopen and reconsider
8  his pre-trial detention.

9      On March 31, 2020, counsel for the defendant conferred with
10 the Assistant U.S. Attorneys assigned to the case, who informed
11 counsel that the U.S. Attorney opposes release.

12     This motion to reopen is being filed in the Court's ECF
13 system, with copies of the motion being sent by electronic mail
14 to U.S. Pretrial Services and to the District Court Clerk's
15 Office Manager Snooki Puli at Snooki_Puli@cand.uscourts.gov.

16                      **Factual Background**

17     On September 27, 2018, the defendant Michael Cazares and 14
18 other co-defendants were indicted in a 10-count indictment.  CR
19 1.  Cazares was charged in the first three counts of the
20 indictment.  Cazares and the other 14 co-defendants were charged
21 together with a Racketeering Conspiracy, in violation of 18
22 U.S.C. § 1962(d)(count one); Conspiracy to Commit Murder in Aid
23 of Racketeering, in violation of 18 U.S.C. § 1959(a)(5)(count
24 two); and Conspiracy to Commit Assault with a Dangerous Weapon,
25 in violation of 18 U.S.C. § 1959(a)(6a)(count three).

26
27
28
CAZARES MOTION TO RECONSIDER
DETENTION ORDER            2

At the time that the indictment was returned, Cazares was serving a California State prison sentence.  He was brought to Federal Court on a writ, appearing in the Northern District of California on November 15, 2018.  CR 112.

On August 26, 2019, a detention hearing was held before this Court.  CR 190.  At the conclusion of the hearing the Court followed the recommendation of Pretrial Services and THE government, and detained the defendant as a danger to THE community.  CR 190.  At the time, defense counsel waived written findings.

On February 24, 2020, the District Court denied Cazares' motion to sever his case from the remaining co-defendants, a motion brought in an attempt to accelerate beginning trial.  CR 284.

The case is now set for a trial setting hearing on May 12, 2020.  CR 314.

### ARGUMENT

In light of the health care emergency raised by the coronavirus pandemic, and the family need for his help at home, Cazares asks this Court to reconsider its earlier affirmation of the detention order after the upcoming plea hearing, so that he may be released on electronic monitoring to his mother's residence.

This Court has jurisdiction to decide a motion to reconsider the detention order under Title 18, United States Code, section 3145 (a)(1), which provides: "[i]f a person is ordered released

CAZARES MOTION TO RECONSIDER
DETENTION ORDER          3

1   by a magistrate judge, or by a person other than a judge of a

2   court having original jurisdiction over the offense and other

3   than a Federal appellate court . . . the attorney for the

4   Government may file, with the court having original jurisdiction

5   over the offense, a motion for revocation of the order or

6   amendment of the conditions of release." 18 U.S.C. § 3145 (a)(1).

7   The motion shall be determined promptly. *Ibid*.

8       Cazares asks the Court to reconsider its detention order for

9   two primary reasons.  One, there is a health risk for all

10  defendants detained in close quarters at the Santa Rita Jail,

11  where "social distancing" is impossible.  Two, Cazares' family

12  has been impacted by the emergency, as his son is no longer

13  attending primary school, impacting the ability of the son's

14  mother to continue working in her health care job.

15      This Court is well aware of the dangers raised by the

16  ongoing pandemic.  Cazares is a pre-trial detainee, not convicted

17  of any charge in the pending indictment.  He is being housed at

18  the Santa Rita facility, an Alameda County jail with a large

19  detainee population being held in close quarters.  His pre-trial

20  detention robs him of any realistic opportunity to maintain the

21  "social distance" that over 200 million fellow citizens are being

22  asked to do by government officials.  Cazare's confinement in an

23  environment long associated with high transmission of infectious

24  disease and with limited access to health care raises a grave

25  risk to his health that now outweighs the government's interest

26  in detaining him.

27

28  CAZARES MOTION TO RECONSIDER
    DETENTION ORDER              4

In addition, his family has a strong need for his assistance in caring for his minor son.

Raquel Vasquez, the girlfriend of the defendant, is raising their minor child, "MACV" who is 11 years old.  Prior to the pandemic, the child attended school while Ms. Vasquez was employed in the health care industry, working in a support staff position for Clinica de Salud in Kings City.  However, her son has now been sent home from school, as his school is closed because of the pandemic.  This has created great stress in the family, as she is needed at work but her son needs a care giver.

If the defendant were released into the custody of his mother, Sylvia Veliz, he would be able to care for his minor child while Ms. Vazquez worked at the Clinica de Salud.

Ms. Veliz has informed me that she continues to be willing to sign an appearance bond for her son; that he is welcome to live with her at her residence in Soledad; and that she would be willing to act as his custodian.

This Court originally detained Mr. Cazares as a danger to the community.  However, events have now overtaken that decision, and this Court is asked to reopen the defendant's detention and hold a new hearing on the issue.  In light of the current health care crisis, the defendant asks the Court to consider release on electronic monitoring to his mother's residence, with 24 lock-down at the residence.

CAZARES MOTION TO RECONSIDER
DETENTION ORDER                 5

1

**CONCLUSION**

2          The defendant asks the Court to set conditions of release.

3    March 31, 2020.          Respectfully submitted,

4

5                             */s/ John J. Jordan*
                              JOHN J. JORDAN
6                             Attorney for Defendant
                              MICHAEL CAZARES
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
     CAZARES MOTION TO RECONSIDER
28   DETENTION ORDER                   6

JOHN J. JORDAN, ESQ.  (State Bar No. 175678)
601 Montgomery Street, Suite 850
San Francisco, CA  94111
(415) 391-4814
(415) 391-4308 (FAX)
email: jjordanesq@aol.com

Attorney for Defendant
MICHAEL CAZARES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | ) | No.  CR-18-0466-BLF (NMC) |
|---|---|---|
| | ) | |
| Plaintiff, | ) | **DECLARATION OF COUNSEL IN** |
| | ) | **SUPPORT OF MOTION FOR** |
| v. | ) | **RECONSIDERATION OF THE** |
| | ) | **COURT'S DETENTION ORDER** |
| MICHAEL ABRAHAM CAZARES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**DECLARATION OF COUNSEL IN SUPPORT OF MOTION:**

I, JOHN J. JORDAN, am an attorney licensed to practice in the State of California and do hereby declare under the penalty of perjury as follows:

1.  I am an attorney-at-law duly authorized to practice before the Courts of the State of California, and the attorney for Defendant Michael Cazares.  I have reviewed the attached Motion, and I believe the factual statements made therein are true and correct to the best of my information and belief.

2.  In preparing this motion, I have reviewed the indictment and the discovery materials provided by the government in this case, as well as conferred with the defendant.

CAZARES MOTION TO RECONSIDER
DETENTION ORDER                    1

3.   On March 28, 2020, I personally spoke by telephone to Raquel Vasquez, the girlfriend of the defendant Michael Cazares. Ms. Vasquez and Mr. Cazares have a minor child together, "MACV" who is 11 years old.

4.   During the telephone conversation with Ms. Vazquez, she informed me that she is employed in the health care industry, working for Clinica de Salud in Kings City.  However, her son "MACV" has been sent home from school, as his school is closed because of the pandemic.  This has created great stress in the family, as she is needed at work but her son needs a care giver.

5.   During the telephone conversation with Ms. Vazquez, she informed me that if the defendant were released into the custody of his mother, Sylvia Veliz, he would be able to drive the short distance to her house and care for their child while Ms. Vazquez worked at the Clinica de Salud.

6.   On March 28, 2020, I personally spoke by telephone to my client Michael Cazares.  Mr. Cazares asked me to file on his behalf a motion for reconsideration of his detention status, in light of the health emergency caused by the coronavirus pandemic, and his family's need for his support during the pandemic.

7.   During the telephone conversation, I explained to Mr. Cazares that, due to the pandemic, this Court may order that any hearing on the motion be heard electronically.  I also explained to Mr. Cazares that the Court might decide the motion to reconsider on the papers, without a hearing.

CAZARES MOTION TO RECONSIDER
DETENTION ORDER                2

8.   During the telephone conversation, I explained to Mr. Cazares that if the Court ordered a hearing on the motion, there was a strong possibility that any request for an in person hearing might delay the timing of the hearing.  After explaining to Mr. Cazares his right to request an in person hearing or a telephonic hearing, and the constitutional rights involved, Mr. Cazares informed me that he wished to waive any right to an in-person hearing, and waived any objection to an alternative telephonic hearing, should the Court grant such a hearing.

9.   On March 30, 2020, I personally spoke by telephone with Sylvia Veliz, the defendant's mother.  Ms. Veliz informed me that she continues to be willing to sign an appearance bond for her son; that he is welcome to live with her at her residence in Soledad; and that she would be willing to act as his custodian.

10.   During the telephone conversation, Ms. Veliz informed me that she is suffering from diabetes and so at high risk from the coronavirus, and would benefit greatly from Mr. Cazares being home with her during this time.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


DATED: March 31, 2020.          */s/ John J. Jordan*
                                Attorney for Defendant



CAZARES MOTION TO RECONSIDER
DETENTION ORDER                  3